UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSE PEREZ, also known as Yeiro Christian
 Mendez-Lora, also known as Mendez Lora,
 also known as Yeiro Christian,

                         Petitioner,

      v.

BUREAU of IMMIGRATION and CUSTOMS
 ENFORCEMENT (BICE),

                        Respondent.

**ORDER**

**04-CV-901F**
**(consent)**

---

       Petitioner commenced this action on November 9, 2004, by filing a petition ("the Petition") pursuant to 28 U.S.C. § 2241, seeking habeas relief.  Specifically Petitioner, who has received a grant of Conditional Parole for Deportation Only from the New York State Board of Parole, seeks an order compelling the Department of Homeland Security ("the DHS") Board of Immigration and Customs Enforcement ("BICE") to take custody of Petitioner and remove him from the United States to Dominican Republic.  Petition at 4-5.  On February 9, 2005, the parties to this action consented to proceed before the undersigned.

       On February 25, 2005, Respondent filed a motion to dismiss the action for mootness or, alternatively, lack of jurisdiction.  (Doc. No. 11).  The motion was supported by the attached affidavit of Assistant United States Attorney Gail Y. Mitchell ("Mitchell Affidavit") and a separately filed Memorandum of Law (Doc. No. 12) ("Respondent's Memorandum").  Respondent explained in support of the motion to dismiss that on February 4, 2005, the DHS took custody of Petitioner and Petitioner's removal to Dominican Republic was scheduled for February 23 or 24, 2005, thereby

rendering the Petition moot; alternatively, the relevant statute rendered the court without jurisdiction over the Petition. Mitchell Affidavit ¶¶ 6-9; Respondent's Memorandum at 3-6. On March 16, 2005, Assistant United States Attorney Gail Y. Mitchell filed a second affidavit (Doc. No. 13) ("Second Mitchell Affidavit"), advising that on February 23, 2005, Petitioner was removed to Dominican Republic. Second Mitchell Affidavit ¶ 5. Attached as Exhibit A to the Second Mitchell Affidavit is documentation of Petitioner's removal, consisting of a copy of a computer printout from the DHS BICE computer record system confirming Petitioner's removal. According to Mitchell, as the relief requested in the Petition has been granted, the Petition should be dismissed as moot. Second Mitchell Affidavit ¶¶ 7-8. By Order filed March 18, 2005, Petitioner was given until April 22, 2005 to respond to the motion to dismiss. On March 30, 2005, the March 18, 2005 Order sent to Petitioner was returned as undeliverable as Petitioner had been deported.

The court is without jurisdiction over this action.[1] In particular, with respect to a district court's jurisdiction to review habeas claims brought by aliens, 8 U.S.C. § 1252(g) ("§ 1252(g)") provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders against any

---

[1] Congress, on May 11, 2005, enacted the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 ("the REAL ID Act"), § 106(c) of which requires that habeas petitions brought pursuant to 28 U.S.C. § 2241, filed in district court, and challenging a final administrative order of removal, deportation or exclusion, be transferred "to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note))." As the instant Petition does not challenge a final administrative order or removal, deportation or exclusion, however, the REAL ID Act does not limit the court's jurisdiction over the matter.

alien under this chapter." *See Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482-85 (1999) (construing § 1252(g) as depriving federal courts of jurisdiction over the three discrete actions which the Attorney General may take, including decisions to "commence proceedings, adjudicate cases, or execute removal orders."). In the instant case, petitioner's challenge to Respondent's failure to take him into custody so as to execute the removal order is, in actuality, a challenge to the Attorney General's decision regarding the execution of the removal order pending against Petitioner. As such, the court is without jurisdiction over the Petition. Alternatively, as Petitioner has already received the relief requested in the Petition, *i.e.*, that the DHS BICE take custody of Petitioner and removed him to Dominican Republic, the Petition is moot.

Respondent's motion to dismiss the petition for lack of jurisdiction and, alternatively, for mootness, is GRANTED and the Petition is DISMISSED. The Clerk of the Court is directed to close the file.

**Any petition for permission to appeal with the Circuit Clerk, United States Court of Appeals for the Second Circuit, New York, New York, must be filed within sixty (60) days of the date of judgment in this action.  *See* Fed.R.App. 5(a)(1) & (2). Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.**
SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	June 16, 2005
	Buffalo, New York